IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCISCO ROBLES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3143 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| SCOTTSBLUFF POLICE DEPARTMENT, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Francisco Robles, who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging excessive force in the course of an arrest by officers of the Scottsbluff Police Department and Scottsbluff County Sheriff's Department. As a result of the beating administered by the officers, the plaintiff was placed on life support; a colostomy bag was attached to his body, and a testicle had to be surgically removed. The plaintiff has suffered painful and permanent injuries. In addition to the allegations of excessive force in violation of the Fourth Amendment to the United States Constitution, the plaintiff alleges a violation of equal protection, in that the police and sheriff's departments treat persons of Mexican ethnicity, such as the plaintiff, with greater severity and brutality than other ethnic groups.

### Claim against "Department" Means Claim against Governmental Body

The plaintiff has named the Scottsbluff Police Department and Scottsbluff County Sheriff's Department as defendants. However, the Police Department and Sheriff's Department are not entities which may be liable in their own names to the plaintiff. Construing the complaint liberally, the intended defendants are the City and County of Scottsbluff, Nebraska, which oversee the police and sheriff's departments and are responsible for their operations. The departments themselves and other departments or units within the City and County lack the capacity to sue or be sued in their own names.

### Municipal Liability

It is important that the plaintiff understand the basis of a claim against the City and County, as opposed to a claim against individual people. The basis of a claim against a city or county ("municipal liability") lies only in cases where a municipal "policy" or "custom" causes a constitutional violation. A city or county or its department(s) must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a city may not be held

1

liable merely because one or more of its employees violated the plaintiff's civil rights (although the employee himself can be personally liable in his individual capacity). To be liable to the plaintiff, the City or County, acting through its agencies or department(s), such as the police department, must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights.

At this time, it is not clear whether the plaintiff claims (a) that the Scottsbluff Police and Sheriff's Departments maintain unconstitutional customs or policies regarding arrests and the use of force; or (b) whether the policies are legal, but the arresting officers violated City or County policies; or (c) that both the policies and the conduct of the officers were unconstitutional. These are matters the parties may explore during discovery. In addition, the plaintiff may pursue discovery from the City and County of the arrest reports and the names of the individual officers who injured him, in the event he wishes to substitute their names for the "unnamed others" listed as defendants in the complaint.

This case is assigned to the docket of District Judge Laurie Smith Camp. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now concluded, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court is directed to provide the plaintiff with a copy of this order and TWO summons and 285 forms.

2. When completing the forms for service of process on political subdivisions of the State, e.g., a city or county, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." A summons on the City of Scottsbluff may be addressed to "Mayor and/or City Clerk for the City of Scottsbluff, 1818 Avenue A, Scottsbluff, NE 69361." For the County of Scotts Bluff, the address is "Scotts Bluff County Clerk, 1825 10th Street, Gering, NE 69341."

3. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of those forms, service of process cannot occur.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. A plaintiff proceeding IFP does not have to copy the complaint; the court will do so. The U.S. Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4

and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the summons and complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies on other parties by first class mail.

8. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant(s) or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9. Each defendant shall have twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 24th day of October, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge